**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**BARRY REYNOLDS and<br>DIANE REYNOLDS,**<br><br>**Debtors** | Chapter 7<br>Case No. 08-10775-FJB |

**MEMORANDUM OF DECISION ON
DEBTORS' MOTION FOR RELIEF FROM CONVERSION ORDER
AND ON DEBTORS' MOTION TO VACATE CONVERSION ORDER**

By the two motions before the Court,[1] the chapter 7 debtors, Barry and Diane Reynolds, appearing pro se, seek to vacate this court's order of May 13, 2009, by which their bankruptcy case was converted from one under chapter 13 of the Bankruptcy Code to one under chapter 7. The two motions, which are virtually identical in the relief they seek and the grounds they assert for it, are based on the theory that the court lacked subject matter jurisdiction to enter the conversion order. More specifically, they contend that the Bank of Canton (the "Bank"), which had filed a secured claim in the case and had moved for conversion, did not in fact hold the mortgage allegedly securing its claim and therefore, the debtors reason, lacked standing to move for conversion. It is this alleged defect in the Bank's standing that they contend undercut the court's subject matter jurisdiction to convert the case to chapter 7. The chapter 7 trustee, David Madoff, opposes both motions. After a hearing on the motions, and for the following reasons, the Court finds no cause to vacate the conversion order.

First, as to all reasons advanced to vacate the conversion order other than that the court lacked subject matter jurisdiction, the motions must be denied as late. A motion to vacate under Rule 60(b) requires that a motion to vacate be brought "within a reasonable time" and, where the motion is based on reasons enumerated in Rule 60(b)(1), (2), or (3), within a year after the

---

[1] The first, filed April 23, 2010, is entitled "Motion for Relief from Bankruptcy Court's Order Dated May 13, 2009–Notice of Void Order–Lack of Subject Matter Jurisdiction–Violation Due Process Rights and Equal Protection Under Law." The second, filed May 27, 2010, is entitled "Motion to Vacate the Bankruptcy Court's Order Dated May 13, 2009–Lack of Subject Matter Jurisdiction."

entry of the judgment or order. FED. R. CIV P. 60(b) and (c)(1), made applicable by FED. R. BANKR. P. 9024. The first of the present motions was filed more than eleven months after entry of the order it seeks to vacate, the second more than a full year after such entry. The debtors have articulated no justification for their delay in bringing these motions, and a great deal has happened in the administration of this case in the last twelve months, in reliance upon the conversion order. Neither motion was filed within a reasonable time, and the latter was filed more than a year after the filing. Both are therefore time-barred.

Second, the Court's order of conversion, which was entered on May 14, 2009, entered not on the then-pending Motion of the Bank of Canton to Convert to Chapter 7 [doc. #239], but instead on an order to show cause why the case should not be converted to one under chapter 7 [doc. # 357] that the court had issued on March 13, 2009 (the "Order to Show Cause").[2] Therefore, if the Bank lacked standing to move to convert, the order of conversion nonetheless had a separate and adequate basis of subject-matter jurisdiction.

Third, the Bank was the holder of the note that the mortgage secures. Therefore, even if it did not own the mortgage securing its claim, the Bank nonetheless had standing as an unsecured creditor. Unsecured creditors are parties in interest within the meaning of 11 U.S.C. § 1307(c) ("on request of a party in interest . . . the court may convert a case under this chapter [chapter 13] to a case under chapter 7 of this title"). As such they have standing to move to convert.

---

[2] On April 30, 2009, the Court held a hearing on the Bank of Canton's Motion to Convert and on the Court's Order to Show Cause. At the close of the hearing, the Court entered an order stating that it would enter an order converting the case to one under chapter 7, effective May 12, 2009, unless prior to that date the debtors moved to dismiss their case voluntarily. The debtors having filed no motion to dismiss, the Court, by order dated May 13 but entered on the docket on May 14, 2009, converted the case to one under chapter 7. The debtors took no appeal from the order of conversion.

The conversion order entered pursuant to the Court's Order to Show Cause. The conversion order states: "In accordance with the Court's order of 4/30/09 on the Order to Show Cause, this case is hereby converted to one under Chapter 7." The April 30, 2009 order also entered on the Order to Show Cause but, in the docketing process, was linked in the relevant docket entry to both the Order to Show Cause [doc. #357] and the Bank's Motion to Convert [doc. #239]. Regarding the Motion to Convert, after the April 30 hearing, the Court entered an order stating, "Hearing held. Continued generally pending further action on the Order to Show Cause."

2

Fourth, by an approved agreement between the trustee and the Bank, the Bank has an allowed secured claim in this case. The agreement was approved after notice to the debtors, and the debtors filed no objection to the motion to approve it.[3] It is thus now settled that the Bank has a valid secured claim, precluding any judicial determination to the contrary. The Bank had a valid mortgage and, as both a secured and an unsecured creditor, standing to move to convert.

Fifth, the debtors themselves acknowledged in their own approved agreement with the trustee that the Bank's mortgage on the property was valid and perfected.[4] This was a bargained-for acknowledgment that now binds the debtors.

Sixth and last, the bankruptcy court has subject matter jurisdiction over a motion to convert a case pending before it. 11 U.S.C. § 1307(c) ("the court may convert"); 28 U.S.C. § 1334(a), (b), and (e) (conferring upon district court exclusive jurisdiction over all bankruptcy cases and all property of the estate and original jurisdiction over all civil proceedings arising under title 11); 28 U.S.C. § (a) and (b) (permitting district court to refer all cases and proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges for the district; and authorizing bankruptcy judges to hear and determine core proceedings in referred cases); and the Order of Referral of the United States District Court for the District of Massachusetts. L.R. 201, D. Mass. And, though the debtors have not argued

---

[3] The trustee's Stipulation with the Bank of Canton [doc. # 459] and the motion for approval thereof were filed February 17, 2010. The order approving it [doc. #462] entered March 11, 2010. The first sentence of the agreement between the trustee and the Bank states: "The Bank has an allowed, valid, perfected and enforceable first priority secured claim in the Property and an allowed general unsecured claim for the amount of any deficiency."

[4] The trustee's Settlement Stipulation with the Debtors [doc. # 457] and the motion for approval thereof [doc. #458] were filed February 12, 2010. The order approving it [doc. #461] entered March 9, 2010. At ¶ 7 of the Settlement Stipulation, both debtors expressly acknowledged "that the Bank's Mortgage on the Lakeville Property is valid and perfected."

On April 23, 2010, the debtors moved in this court to vacate their Settlement Stipulation with the Trustee on the basis that they had entered into the agreement under duress. On May 18, 2010, the Court denied the motion and issued a memorandum of decision in support of its order. The debtors took no appeal from that order.

otherwise, the bankruptcy court may, *sua sponte*, issue an order to show cause why a case should not be converted.  11 U.S.C. § 105(a).

    For the above reasons, the Debtors have shown no cause to vacate the conversion order.  Separate orders will enter denying the motions.

Date: June 30, 2010

                                                    _____
                                                  Frank J. Bailey
                                                  United States Bankruptcy Judge