**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**BARRY REYNOLDS and**<br>**DIANE REYNOLDS,**<br><br>               **Debtors** | Chapter 7<br>Case No. 08-10775-FJB |

**MEMORANDUM OF DECISION ON**
**DEBTORS' MOTION, AS AMENDED AND CORRECTED,**
**FOR SHOW CAUSE ORDER FOR CHAPTER 7 TRUSTEE TO PROVE**
**THERE ARE DISTRIBUTABLE ASSETS FOR UNSECURED CREDITORS**

      By the motion before the Court, as amended and corrected, the chapter 7 debtors, Barry and Diane Reynolds, appearing pro se, seek an order compelling the chapter 7 trustee to prove that there is equity in their real property for unsecured creditors and, if not, to abandon the property to them.[1]  The chapter 7 trustee, David Madoff (the "Trustee"), opposes the motion, citing an approved agreement between himself and the Bank of Canton (the "Bank"), holder of the mortgage on the property, to which the debtors voiced no timely objection, and a second approved agreement between himself and the debtors.  By the former, filed February 17, 2010 and approved March 11, 2010, the Bank of Canton and the Trustee agreed that the Trustee would sell the property and further agreed on the distribution of proceeds from the sale as between the Bank and the bankruptcy estate.  By the latter, filed February 12, 2010 and approved March 9, 2010, the debtors (i) agreed that they would support and not object to the Trustee's sale of the property and (ii) agreed that they would refrain from taking any action to interfere with, hinder, or delay the Trustee's efforts to market and sell the property.[2]  The debtors are bound by both agreements.  Separately and together, they give the trustee authority to sell the real property and bar the debtors from opposing or interfering with the sale.  The

---

    [1]  The original motion was amended by the debtors' Motion to Correct/Amend, filed June 9, 2010.  By order of June 10, 2010, the Court deemed the original motion amended as requested.

    [2]  The debtors moved in this court to vacate the settlement agreement on the basis that they had entered into the agreement under duress.  On May 18, 2010, the Court denied the motion and issued a memorandum of decision in support of its order.  The debtors took no appeal from that order.

present motions of the debtors do just that. The Court need not determine what merit they would have in the absence of the approved agreements. The agreements are dispositive. By separate order, the Court will deny the relief requested.

Date: June 30, 2010

                                                     Frank J. Bailey
                                                   United States Bankruptcy Judge