**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**BARRY REYNOLDS and DIANE REYNOLDS,**<br><br>**Debtors** | **Chapter 7**<br>**Case No. 08-10775-FJB** |

**MEMORANDUM OF DECISION ON**
**DEBTORS' MOTION TO DETERMINE TAX LIABILITY TO IRS**

Debtors Diane Reynolds and Barry Reynolds have moved for a determination of their federal income tax liability for tax years 2000 through 2007.  By this motion, the Debtors essentially object to the proof of claim filed by the Internal Revenue Service (IRS) in this case[1] on the basis that the IRS has never adduced, in support of its claim, the signed records of assessment on which the alleged liability is predicated.  Accordingly, they seek in the first instance only an order directing the IRS to provide signed records of assessment for the tax years in question.  The IRS responds that only tax years 2000 through 2003 are at issue, those being the only years for which it has filed a proof of claim, and that it has provided the Debtors with Certificates of Assessment, Payment, and Other Specified Matters (Form 4340) for those years, which Forms 4340, they argue, are dispositive of the Debtors' tax liability for the years in question, making the underlying records of assessment unnecessary.  The Debtors articulate no specific challenge to the IRS's proof of claim other than that the IRS has never adduced the signed assessment certificates on which the proof of claim is predicated.

The Court agrees with the IRS.  The IRS's proof of claim in this case is based entirely on liability for tax years 2000 through 2003; the Debtors have offered no reason for addressing later years.  As to the relevant years, the IRS has adduced Forms 4340 showing liability consistent with the amounts set forth in the proof of claim; the Debtors do not deny this.  Finally,

---

[1] The IRS filed an original proof of claim and two amendments thereto.  By the most recent amendment, the IRS asserts a claim in the total amount of $30,970.57, including a secured claim in the amount of $20,159.81 and a nonpriority unsecured claim in the amount of $10,810.76.

Form 4340 is, as the IRS argues, "presumptive proof of a valid assessment" and is "routinely used to prove that tax assessment has in fact been made." *Geiselman v. United States*, 961 F.2d 1,6 (1st Cir. 1992), cert. denied, 506 U.S. 891 (1992). This is sufficient evidence, and nothing more need be adduced. The Debtors' objection to the IRS's proof of claim, as amended, is accordingly overruled, and the IRS claim, as amended, is allowed   A separate order will enter accordingly.

Date: July 21, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge